**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| JAMES TOWNSEND | CIVIL ACTION NO. 09-71-P |
| VERSUS | JUDGE STAGG |
| WARDEN TIM WILKINSON | MAGISTRATE HORNSBY |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner James Townsend ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on January 14, 2009. Petitioner is incarcerated in the Winn Correctional Center in Winnfield, Louisiana. He challenges his state court habitual offender conviction and sentence. He names Warden Tim Wilkinson as respondent.

On April 18, 2001, Petitioner was convicted of one count of illegal use of a weapon in Louisiana's First Judicial District Court, Parish of Caddo. On November 14, 2002, he was adjudicated a second felony offender. On December 10, 2002, he was sentenced to 25 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The Louisiana Second Circuit Court of Appeal vacated his habitual offender

conviction and remanded the matter to the trial court for sentencing. State v. Townsend, 859 So.2d 885, 37,628 (La. App. 2 Cir. 10/29/03). The Supreme Court of Louisiana granted the State's writ of certiorari and reversed the judgement of the court of appeal and remanded the case to the district court for purposes of reopening the habitual offender hearing. State v. Townsend, 874 So.2d 152, 2004-0005 (La. 4/23/04). On August 17, 2004, the state district court found Petitioner to be a first felony offender and re-sentenced him to 14 years at hard labor without benefit of probation, parole or suspension of sentence. Petitioner did not appeal his sentence.

In support of this petition, Petitioner alleges (1) he was denied the right to a direct appeal, (2) he received ineffective assistance of counsel, and (3) he was denied an evidentiary hearing.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

**LAW AND ANALYSIS**

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs

from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was re-sentenced on August 17, 2004. Petitioner did not seek direct review of his conviction and sentence. Thus, Petitioner's conviction and sentence became final on September 16, 2004. See La. C.Cr.P. art. 914.

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

The federal petition currently before the court was received and filed in this court on January 14, 2009 and signed by Petitioner on October 13, 2008. Since the federal clock began ticking on September 16, 2004 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before September 16, 2005. This petition was not filed until October 2008 at the earliest, more than three years too late.

In addition, the post-conviction proceedings conducted by Petitioner do not serve to toll the one-year limitation period as they were not filed within the one-year period. See supra footnote 1. Petitioner filed a motion to vacate his sentence on March 20, 2007 in the state court. The state court denied this motion on March 21, 2007. In addition, Petitioner filed an application for post-conviction relief in the state court in May 2007. These proceedings continued until the Supreme Court of Louisiana denied writs on September 26, 2008. State ex rel. Townsend v. State, 992 So.2d 978, 2007-2480 (La. 9/26/08). To toll the federal limitation period, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not file his motion to vacate sentence until March 2007 and his state post-conviction application until May 2007, which was after the limitation period had already expired in September 2005.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred

by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 11 day of February 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE